UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHADLEY WAYNE THAMES, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MENDOCINO COAST HUMANE SOCIETY, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-09341-WHO<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER AND SCREENING COMPLAINT**<br><br>Dkt. No. 15 |

Plaintiff Chadley Wayne Thames has filed a second motion for a Temporary Restraining Order, seeking return of his service dog. Dkt. No. 15. The motion is DENIED for the reasons discussed below.

I.  **MOTION FOR A TEMPORARY RESTRAINING ORDER**

A Temporary Restraining Order ("TRO") "is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001). A TRO may continue only until a hearing on a motion for preliminary injunction can be heard. *Pablo Sequen v. Kaiser*, 793 F. Supp. 3d 1114, 1118 (N.D. Cal. 2025).[1]

The emergency Thames continues to identify is the return of his emotional support dog, Kiah Bixsby Grey Wolf. *See* Dkt. Nos. 1, 8, 13, 15. However, Thames does not allege that Kiah is still in the possession of any of the defendants, and according to a recent filing, Kiah is no

---

[1] In addition, to obtain injunctive relief Thames must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

1  longer in the possession of defendant Mendocino Coast Humane Society (hereafter, "Humane
2  Society") and may have been adopted by someone else.  *See* Dkt. No. 16 at 9 n.2.  Moreover, it
3  appears that Kiah was removed from Thames' custody more than a year ago, in July 2024, as a
4  result of Thames being charged with a misdemeanor under California Penal Code 597.1(A)
5  "Keeping an Animal Without Proper Care."  *See* Dkt. 1-1.  According to Thames' filings and
6  documents filed by the City, of which I take judicial notice, that charge was dismissed in October
7  2024.  Dkt. No. 16-2.   This case was not filed and the emergency relief request made for a full
8  year thereafter, on October 30, 2025.

9  While the absence of Kiah from Thames' life is undoubtedly very hard and has caused
10 Thames distress, his motion for a TRO and the emergency return of Kiah is DENIED.  Given the
11 delay in seeking emergency relief, serious questions as to what relief, if any, is available given that
12 Kiah is not in defendants' custody, and questions regarding the likelihood of success on the merits,
13 Thames is not entitled to emergency TRO relief.

## II.     SCREENING THE COMPLAINT

A court must screen and may dismiss a case filed without the payment of the filing fee if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff's Complaint, filed pro se, is somewhat unclear.  Construing the allegations and claims liberally, Thames sues two sets of defendants: (1) Fort Bragg and its Police Department (the "City") and (2) the Mendocino Coast Humane Society.  He alleges that in 2024, the City illegally seized his vehicle and Kiah.  He alleges that he was not provided a "property hearing" by the City.  He also alleges that defendant Mendocino Coast Humane Society is holding and has refused to return Kiah to him.  As a result, he alleges violations of his constitutional rights to due process and equal protection under the 4th, 5th, 6th, 8th, 14th Amendments, and violation of the Americans with Disabilities Act ("ADA").  He also asserts related state law claims including conversion, wrongful withholding of property, and infliction of emotional distress.  Dkt. No. 1.

The allegations in this case pass the low bar required by Section 1915.  It appears, based on

1  records of which I may take judicial notice, that Thames was not provided a post-deprivation
2  hearing under California Penal Code § 597.1(f).  *See* Dkt. No. 16-2.  I am not deciding the issue,
3  but Thames' allegations regarding the denial of a post-deprivation hearing mean that his
4  Complaint cannot be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e).

5  The City defendants have moved to dismiss the Complaint.  Dkt. Nos. 16, 17.  That motion
6  will be heard by me via Zoom videoconference on January 14, 2025 at 2:00 p.m.  The parties do
7  not need to show up in person at the San Francisco courthouse.  The adequacy of Thames'
8  Complaint and whether Thames has stated an actionable claim against the City defendants will be
9  determined at that time.  Thames' opposition to the City's motion to dismiss is due **by December
10 22, 2025**.

11 **IT IS SO ORDERED.**

12 Dated: December 10, 2025

William H. Orrick
United States District Judge

3