UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHADLEY WAYNE THAMES, et al., | Case No. 25-cv-09341-WHO |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| MENDOCINO COAST HUMAIN SOCIETY, et al., | Re: Dkt. No. 16 |
| Defendants. | |

Plaintiff Chadley Wayne Thames alleges that defendant City of Fort Bragg and Fort Bragg Police Department (collectively Fort Bragg) and defendant Mendocino Coast Humane Society violated his civil rights when they seized his car and trained service dog Kiah Bixsby Grey Wolf ("Kiah Bixsby") in July 2024 and failed to give him a "post seizure hearing."[1] Dkt. Nos. 1, 8. Fort Bragg moved to dismiss. Its conduct gives rise to plausible Fourth and Fifth Amendment violations, but Thames does not allege a government policy, practice or custom that would make Fort Bragg liable. This Order explains the problems with Thames' claims, dismisses them as to Fort Bragg, and, for the most part, grants leave to amend.

**BACKGROUND**

In brief, Thames alleges that the seizure of his car and his dog was illegal and the refusal of defendants to return his service dog to him violated and continues to violate his civil rights. He also contends that he was denied a "seizure hearing" when his dog was seized and that violated his due process and civil rights as well as his rights under the Americans with Disabilities Act

---

[1] Despite being served, defendant Mendocino Coast Humane Society has not appeared in this case. At the next proceeding, I expect counsel for the Humane Society to appear.

United States District Court
Northern District of California

("ADA"). *See generally* Complaint, Dkt. Nos. 1 & 1-3. He asserts that since the seizure in July 2024, he attempted to visit his dog and pay outstanding debts to retrieve it from the Humane Society, but the Humane Society refused him access and refused to release his dog. *See* Declaration, Dkt. No. 1 at ECF pgs. 14-15. Thames attaches various state court documents and correspondence to his Complaint.[2] Fort Bragg also attaches court records to its motion to dismiss and requests judicial notice of the same.

It appears that at the time of the seizure, Thames was charged with Keeping an Animal Without Care under California Penal Code section 597.1(A) in July 2024. Dkt. No. 1-1 at pg. 1; Dkt. No. 1-3. Kiah Bixsby was removed from Thames and turned over to the Humane Society, where the dog received veterinary care. *See* Dkt. No. 16-2 at ECF pg. 4. On October 4, 2024, during a hearing in Superior Court, the section 597.1(A) misdemeanor charge against Thames was dismissed on the oral motion of the prosecution. Dkt. No. 16-2. Reviewing the file, the Superior Court judge stated that he did not:

> see anything . . . that the seizure of the dog was unlawful," but noted that before criminal charges should have been filed, Thames was "entitled to a hearing as to whether or not the dog should properly be returned to you. And you were denied that right. So I think it's improper for criminal charges to have been filed until you've had an opportunity to have a noticed hearing to present your side of things to the agency that seized the dog. So I am going to order the case dismissed.
>
> However, I think the agency that seized the dog, pursuant to the statute, is still entitled to a lien for the cost of any care and maintenance that was incurred to them in caring for the dog. So they may not be releasing the dog to you until that lien can be paid.
>
> I'm not weighing in on that right now, I'm just alerting you to the fact that there may be an issue there.

Dkt. No. 16-2.

Construing Thames' pro se Complaint liberally, he alleges violations of: (1) 18 U.S.C. § 242 (making it a federal crime to deprive someone of their constitutional rights); (2) 42 U.S.C. §

---

[2] As plaintiff is proceeding pro se, I construe his Complaint liberally. There are numerous attachments to the Complaint and I construe the statements Thames makes in the attachments as allegations in support of his claims.

2

1983, for violation of his due process and equal protection rights, asserted under the 4th, 5th, 6th 8th, 9th, 10th and 14th Amendments; (3) violation of 42 U.S.C. §12131 *et seq.* (Title II of the Americans with Disabilities Act "ADA"); (4) violation of 42 U.S.C. § 1988 (seeking attorney fees); (5) conversion (for wrongful retention of "personal property/service dog"); and (5) for Negligence and Emotional Distress.  He demands, as relief, the immediate return of Kiah Bixby. Fort Bragg moves to dismiss

**LEGAL STANDARD**

Where a complaint has been filed by a pro se plaintiff, as here, courts must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per Curiam)).  Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

**DISCUSSION**

**I.    RULE 8**

Fort Bragg moves to dismiss plaintiff's Complaint under Rule 8 because it is unclear and contains only conclusory allegations, not facts.  I will not dismiss the Complaint under Rule 8. Reviewing it liberally, and considering the attached public records, correspondence and declarations, the factual bases for Thames' legal claims are discernable, although some additional facts are necessary and most of his legal claims will be dismissed with leave to amend, as explained below.

**II.    SECTION 1983**

Fort Bragg argues that Thames has not stated a claim for violation of his rights under 42 U.S.C. § 1983 under any theory.  I find that the Fourth and Fifth Amendment claims are plausible,

but that he has not identified a government policy, practice or custom that could make Fort Bragg liable for them.

### A.    Fourth Amendment

Fort Bragg asserts that Thames does not state sufficient facts about Fort Bragg's "participation" in the seizure of his car or his dog, or facts plausibly suggesting that either seizure was unlawful.  I disagree, particularly considering the facts he alleges in his "request for mandamus relief" attached to the Complaint.  *See* Dkt. No. 1-3 (arguing his car was legally parked and, therefore, should not have been seized and explaining that he informed the officers who seized Kiah Bixsby that veterinary care was scheduled and paid for).

Fort Bragg also argues that a Superior Court judge has already determined that the seizure of Kiah Bixsby was legal (*see* transcript excerpt above) and therefore, Thames cannot argue here that it was illegal.  Mot. at 9-10 (discussing issue preclusion).[3]  That issue was not before the Superior Court and the judge made his comments (that he did not see anything in the record before him indicating that the dog's seizure was illegal) in passing.  The judge's comments about the seizure do not entitle Fort Bragg to issue preclusion.  Thames' Fourth Amendment seizure claim as to his car and dog are plausible.

### B.    Due Process

Fort Bragg also contends Thames cannot allege a denial of due process claim because Penal Code section 597.1 considers an animal abandoned – and the owner would not be entitled to a post-seizure hearing – where the humane society or agency was not "assured" within fourteen days that veterinary care will be provided.  Mot. at 11.  However, Thames alleges that he told the seizing officers that he had arranged for veterinary care and surgery for Kiah Bixby at or around the time of the seizure.  *See* Dkt. No. 1-3.  Taking those allegations as true, unless Fort Bragg can produce judicially noticeable documents supporting its abandonment argument, Thames has stated

---

[3] Issue preclusion, also known as collateral estoppel, precludes a second case when: (1) the issue is identical to one alleged in prior litigation; (2) the issue was "actually litigated" in the prior litigation; and (3) the determination of the issue in the prior litigation was "critical and necessary" to the judgment.  *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1225 (9th Cir. 2016).

United States District Court
Northern District of California

a denial of due process claim for the admitted failure of Fort Bragg to provide a post-seizure hearing.

### C.    Other Constitutional Claims

On the facts alleged, Thames has not stated claims for violations of his rights under the Sixth,[4] Eighth,[5] Ninth[6] or Tenth Amendments.[7]  If Thames has any facts that could show a violation of his rights under those provisions, he may include them in an amended complaint.

The motion to dismiss the Section 1983 claims under the Fourth and Fifth Amendments is DENIED.  The claims asserted under the Sixth, Eight, Ninth and Tenth Amendments are DISMISSED with leave to amend.

### III.    *MONELL* CLAIM

Section 1983 allows an individual to seek relief from a state official who, while acting "under color of any statute, ordinance, regulation, custom, or usage" violated a federal constitutional right.  42 U.S.C. § 1983.  In *Monell v. Department of Social Services of the City of New York*, the Supreme Court held that "municipalities and other local government units [are] to be included among those persons to whom § 1983 applies."  436 U.S. 658, 690 (1978).  To bring a Section 1983 claim against a municipality, here Fort Bragg, Thames must allege that he "was injured pursuant to [1] an expressly adopted official policy, [2] a long-standing practice or custom, or [3] the decision of a final policymaker."  *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013).  Fort Bragg argues that it cannot be liable for any Section 1983 claim because

---

[4] "The Sixth Amendment to the United States Constitution guarantees the rights of criminal defendants in all criminal prosecutions." *See Bonnell v. Rios*, No. 219CV06839VBFSHK, 2019 WL 8754736, at *5 (C.D. Cal. Sept. 24, 2019).

[5] "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006), *opinion amended on reh'g*, No. 04-35608, 2006 WL 3437344 (9th Cir. Nov. 30, 2006).

[6] "[T]he ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986).

[7] "[T]he Tenth Amendment confirms that the power of the Federal Government is subject to limits that may, in a given instance, reserve power to the States." *New York v. United States*, 505 U.S. 144, 157 (1992).

Thames does not identify or allege that any city employee took improper acts as a result of a government policy, practice, or custom.

Reviewing the Complaint liberally, I do not see any allegations that any of the actions about which Thames complains– the seizure of his dog, the seizure of his car, the failure to return the dog, or the failure to provide Thames with a post-seizure hearing under Penal Code 597.1, were the result of a policy, practice or custom of the City of Fort Bragg.  Therefore, the federal claims asserted against Fort Bragg must be DISMISSED with leave to amend.  If Thames can allege facts showing that Fort Bragg has a policy, practice or custom of illegally seizing vehicles or dogs, or a policy, practice or custom of failing to provide post-deprivation hearings, he should include those facts in an amended complaint.

I also note that Thames may be able to assert his constitutional claims against the *individuals* involved in the seizures of his dog or car, or other acts of which Thames complains. For example, in his Request for Mandamus Relief (Dkt. No. 1-3), Thames says that Captain O'Neil was the officer in charge when his dog (and perhaps car) were seized.  Dkt. No. 1-3 at pg. 3.  I will grant LEAVE TO AMEND for Thames to name individuals as defendants if he can allege facts that could show that the individual defendants knew at the time of their acts that they were engaging in potentially unconstitutional or otherwise wrongful behavior.[8]  If Thames names *as defendants* Fort Bragg city employees whose acts allegedly deprived him of his constitutional and civil rights, those claims would not be barred by *Monell*.

## IV.    STATUTORY CLAIMS

Thames cannot assert a claim based on 18 U.S.C. § 242 – making deprivation of civil rights of others a crime – because there is no private right of action under that statute. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action under 18 U.S.C. §§ 241, 242).  That claim is DISMISSED with prejudice.

---

[8] Fort Bragg argues that qualified immunity would preclude any liability against any individual employee because Thames does not allege any facts showing that any individual officer's acts were so egregious that a reasonable person would have realized they were engaged in a constitutional violation.  Mot. at 13-14.  However, a determination as to qualified immunity is premature until Thames is given leave to amend and may more appropriately be resolved on summary judgment.

6

United States District Court
Northern District of California

The City also moves to dismiss Thames' claim under 42 U.S.C. § 12132, Title II of the ADA. Pursuant to Title II of the ADA, a "qualified individual with a disability" cannot, "by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To prove that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)). "Generally, public entities must 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7))

The City argues Thames does not allege that he is a qualified individual with a disability, that he was excluded or denied the right to participate in Fort Bragg's services or discriminated against by Fort Bragg because of his disability. Although the Complaint adequately alleges Thames' disabilities from mental and physical impairments and that Kiah Bixsby was his "service dog" or at least trained to provide him support, there are no allegations of what "services" Fort Bragg offered but were denied to Thames because of his disability. This claim is DISMISSED with LEAVE TO AMEND to allow Thames to identify the service or services Fort Bragg offers to the public that it denied him because of his disabilities.

## V.    STATE LAW CLAIMS

Fort Bragg moves to dismiss the conversion and negligence claims, asserting that Thames has failed to allege facts showing a wrongful act or disposition of his dog (or car), that Fort Bragg owed him a duty of care, or that the Fort Bragg employees involved engaged in "extreme and

7

outrageous conduct." Mot. at 15-16. I disagree. Construing the facts alleged in Thames' favor, I find that those claims have been adequately stated, including identifying Fort Bragg's failure to provide a post-deprivation hearing under Penal Code section 597.1 as a basis for tort liability.

But there is a potentially different dispositive issue with respect to these claims. To the extent Thames seeks damages under the conversion, negligence or emotional distress claims, California law requires Thames to have filed a California Tort Claims Act ("CTCA") claim. Under the CTCA, "no suit for money or damages may be brought against a public entity . . . until a written claim . . . has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected." Cal. Gov. Code § 945.4. Failure to present a timely written claim to the relevant public entity "bars a plaintiff from filing a lawsuit against that entity." *City of Stockton v. Superior Court*, 42 Cal.4th 730, 738 (2007). Thus, in state and federal court alike, "[t]imely compliance with the claim filing requirements . . . must be pleaded in a complaint . . . to state a cause of action." *Konig v. State Bar of California*, No. 04-cv-02210-MJJ, 2004 WL 2091990, at *6 (N.D. Cal. Sept. 16, 2004) (internal quotation marks omitted).

California Government Code section 910 requires that the claim be presented to the public entity within six months and include the following information: (a) The name and post office address of the claimant; (b) the post office address to which the person presenting the claim desires notices to be sent; (c) the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted; (d) a general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim; (e) the name or names of the public employee or employees causing the injury, damage, or loss, if known. *See* Cal. Gov. Code §§ 910, 911.2.

"[A] claim need not contain the detail and specificity required of a pleading;" however, the claim must "fairly describe what [the] entity is alleged to have done." *Stockett v. Ass'n of California Water Agencies Joint Powers Ins. Auth.*, 34 Cal.4th 441, 446, (2004) (internal quotation marks omitted). This aligns with the CTCA's purpose, which is "not to prevent surprise, but to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *DiCampli-Mintz v. Cnty. of Santa*

United States District Court
Northern District of California

*Clara*, 55 Cal.4th 983, 991 (2012) (relying on *City of Stockton*, 42 Cal.4th at 738)).[9]

Thames does not allege in his Complaint that he submitted a formal "claim" to the City of Fort Bragg. When asked about it during oral argument, Thames explained that as a pro se litigant he was not aware of the rules regarding how to bring legal or damages claims against the City, but asserted that he made numerous "complaints" to the City and the state court about the City's conduct, as well as repeated requests that they return his dog.

Because I am granting leave to amend to Thames so he can file an Amended Complaint addressing the issues discussed above, if Thames wishes to seek damages from the City of Fort Bragg, he should make that clear. In addition, he should describe in detail when and how he complained to City employees about the illegal seizure of his dog (or car). He should identify when he made City employees aware he wanted to challenge the seizure of his dog or car and how he made those City employees aware (for example, by letter, by phone call).[10]

## CONCLUSION

Fort Bragg's motion to dismiss is GRANTED in part and DENIED in part.

Thames' claims asserted under the Sixth, Eighth, Ninth and Tenth Amendments are DISMISSED with leave to amend.

The Due Process and Fourth Amendment claims against Fort Bragg are DISMISSED with leave to amend. To allege these claims against Fort Bragg itself, Thames must allege facts showing that Fort Bragg had a policy, practice or custom of illegally seizing dogs or cars or failing to provide post-deprivation hearings after seizing dogs under Penal Code section 597.1.

---

[9] The CTCA "is not designed to eliminate meritorious lawsuits or to snare the unwary when the [Act's] purpose has been satisfied. Thus, claims are not required to be technically perfect." *Perez v. Golden Empire Transit Dist*., 209 Cal. App. 4th 1228, 1234 (2012) (internal citations omitted). "Substantial compliance" with the requirements of Cal. Gov. Code §§ 910 and 910.2 is generally enough. *Connelly v. Cnty. of Fresno*, 146 Cal. App. 4th 29, 38 (2006). In line with the CTCA's purpose, "the test for substantial compliance is whether the face of the claim discloses sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it." *Id*. at 42.

[10] Fort Bragg also argues to the extent Thames' federal claims are dismissed, I should decline to exercise supplemental jurisdiction over the state law claims. However, leave to amend has been granted to see if Thames can state a Monell claim or name as defendants the Fort Bragg employees whose committed the acts he complaints of. It is premature to determine whether to dismiss the state law claims on that ground.

United States District Court
Northern District of California

If Thames knows the identities of the officers or other City of Fort Bragg employees who were involved in the acts he complains of, he shall identify them and name those individuals as defendants in the Amended Complaint.

The ADA claim is DISMISSED with leave to amend.  If Thames believes Fort Bragg has denied him specific services because if his disabilities, he shall identify those services in order to attempt to state his claim under the ADA.

If Thames seeks damages from Fort Bragg, Thames should provide more details identifying how and when he complained to the City regarding the illegal seizure of his dog or car in order to satisfy the CTCA claim requirement.

Thames shall file an Amended Complaint by **February 19, 2026**, including the allegations identified above.

**IT IS SO ORDERED.**

Dated: January 20, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California

10